Scott, J.
The defendants in error brought an action of ejectment, under the former system of practice, for the recovery of a lot in Cincinnati.
The case having been brought into tbe district court of Hamilton county by appeal, was there submitted to tbe court without tbe intervention of a jury, and tbe issues were found for tbe lessors of tbe plaintiff. Tbe plaintiff in error, who was tbe defendant below, at tbe same term at which tbe trial was bad and judgment rendered, by a notice on tbe journal, demanded another trial; but tbe court refused to vacate tbe judgment, and allow tbe action to stand for trial at tbe next term, as provided in section 562 of tbe code. Tbe defendant excepted to this refusal of tbe court, which is one of tbe errors be now assigns.
Did tbe court err, in bolding that this section of tbe code was not applicable to tbe case ?
In tbe old action of ejectment, a judgment for tbe defendant did not preclude tbe plaintiff from bringing another action..
But tbe code, in requiring actions to be prosecuted in *292 the name of the real party in interest, would have concluded the parties by the result of a single trial, as well in respect to real as to personal property, if no exception had been made as to the former. And it was therefore provided in section 562, as follows:
“ In an action for the recovery of real property, the party against ■whom judgment is rendered, may, at any time during the term at which the judgment is rendered, demand another trial, by notice on the journal, and thereupon the judgment shall be vacated, and the action shall stand for trial at the next term.”
But, the “ action for the recovery of real property,” here spoken of, is the action provided for in the same chapter of the code itself, and not an action of ejectment which might he pending when the code took effect. All suits pending when the code took effect are expressly excepted from its operation by section 602. And as the judgment in ejectment would not prevent either party from bringing another action under the code, and thus obtaining, if desired, two additional trials of the questions in issue, there could be no necessity for giving a second trial of the old action then pending.
But, as the 602d section further declares that, the “ provisions of this code shall apply after a judgment, order, or decree heretofore or hereafter rendered, to the proceedings to enforce, vacate, modify or reverse it,” and as the demand for another trial was a means of vacating the judgment rendered in the case, it is claimed that this demand, as a proceeding to vacate the judgment, was properly made under the code. But the demand for another trial authorized by section 562, is not a proceeding to vacate a judgment within the meaning of section 602. The “ proceedings to vacate, modify or reverse,” referred to in this latter section, are those which the code has provided for the correction of errors, mistakes, and irregularities in the entering of judgments, orders or decrees, and in the correction of which the court is required to exercise a judicial' discretion. But, when a demand for another trial is properly made under section 562, by notice entered on the journal, *293 tlie judgment is vacated by this act of tbe party, and the court has no discretion in the case.
We think, then, there was no error in overruling the demand of the defendant below for a second trial.
The arguments of counsel in this case have been mainly directed to another question, which, we think, the record does not fairly present.
The title of the plaintiff’s lessor is derived from John C. Symmes, through a deed from him to the administrators of Israel Ludlow, which contains no words of inheritance, and which, the defendant ¿ below claims, for that reason, conveys only a life estate. This deed was made in 1810, and it is quite probable that the grantees are since dead. But it is certainly not impossible that they should be yet living, and, for aught that appears in the record, they are still in full life. And as the title of the plaintiff’s lessor is not otherwise questioned, the plaintiff was entitled to judgment, unless the estate granted by John C. Symmes has been determined. It is, therefore, unnecessary to inquire whether that estate was a fee simple or a mere life estate.

Judgment affirmed.

Swan, Brinkerhoee and Sutliee, JJ., concurred.